**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARK MYERS,<br><br>Plaintiff,<br><br>v.<br><br>ST. CHARLES COUNTY and<br>FOX 2 NEWS,<br><br>Defendants. | ) | No. 4:26-cv-00802-SRW |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Mark Myers brings this action under 42 U.S.C. § 1983 against St. Charles County and Fox 2 News for alleged defamation of his character. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 3. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee.[1] *See* 28 U.S.C. § 1915(b)(4). As Plaintiff is now proceeding *in forma pauperis*, the Court will review his Complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss this action for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or

[1] Plaintiff's motion indicates that he has no income and no money in his Jail account, and his Jail account statement shows over $300 in debt. ECF Nos. 3 & 4. Accordingly, the Court will waive the filing fee at this time.

seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). That said, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## Plaintiff's Background

Independent review of Plaintiff's criminal case on Missouri Case.net, the State of Missouri's online docketing system,[2] shows that in December 2025, a criminal complaint was filed in St. Charles County Circuit Court against Plaintiff. The complaint charged Plaintiff with felony drug trafficking in the second degree and three counts of felony endangering the welfare of a child in the first degree. *See State v. Myers*, No. 2511-CR03834 (11th Jud. Cir., St. Charles County Court). According to the probable cause statement filed in the case, Plaintiff has prior convictions for statutory rape in the second degree, failure to register as a sex offender, possession of a controlled substance, and unlawful possession of drug paraphernalia. As of the date of this Order, the charges are still pending, and the case is set for a hearing in November.

## The Complaint

Plaintiff is currently being held on these pending state court charges at the St. Charles County Jail. ECF No. 1 at 2. He brings this action under 42 U.S.C. § 1983 against Defendants St. Charles County and Fox 2 News. *Id.* at 1-3. Plaintiff's Statement of Claim, in his own words, is as follows:

> I am writing this suit, on the grounds of defamation of character. On three occasions, St. Charles County without evidence to support their claims. Reported to Fox 2 News and Fox 2 News aired it on television without evidence. My charges of child abuse, child endangerment and possession of drugs. All without proof and verification three times. Of which I maintain my innocence. I am suing St. Charles County and Fox 2 News for defamation of character.

*Id.* at 3.

---

[2] The Court takes judicial notice of these public state records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district courts may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 761 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

Regarding injuries, Plaintiff reports that he has "suffered mental & physical stress, … acid reflux, high blood pressure, insomnia, & night sweats." *Id.* at 4. For relief, Plaintiff seeks a "public vindication and apology" from defendants, and $500,000 in damages. *Id.* at 5.

**Discussion**

Based on a careful review and liberal construction of the filings before the Court, the Court will dismiss this action for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which provides a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff here fails to establish either element of a § 1983 action.

It is well settled that defamation, standing alone, does not constitute a constitutional violation actionable under § 1983. *Brayman v. U.S.*, 96 F.3d 1061, 1066 (8th Cir. 1996). *See also Siegert v. Gilley*, 500 U.S. 226, 233-34 (1991); *Paul v. Davis*, 424 U.S. 693, 701-12 (1976) (determining that the harm to plaintiff's reputation "did not deprive him of any liberty or property interests protected by the Due Process Clause"); *Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975) (stating that damages for defamation are not recoverable under § 1983 "because a defamed person has not been deprived of any right, privilege or immunity secured to him by the Federal Constitution or laws of the United States"). To state a defamation claim of constitutional dimension, a plaintiff must allege that the loss of reputation was coupled with "some other tangible

element," *Gunderson v. Hvass*, 339 F.3d 639, 644 (8th Cir. 2003), such as loss of public employment. *See Siegert*, 500 U.S. at 234; *Paul*, 424 U.S. at 701-12.

In this case, Plaintiff alleges only that St. Charles County reported to Fox 2 News the criminal charges pending against him, and that Fox 2 News "aired" those charges to the public. Plaintiff claims physical and mental injuries, but he does not allege any effect on his reputation or any other "tangible element," such as the loss of public employment. Also, given Plaintiff's prior convictions for statutory rape in the second degree, failure to register as a sex offender, possession of a controlled substance, and unlawful possession of drug paraphernalia, any damage to his reputation from the instant charges would seem negligible at most.

At any rate, Fox 2 News is a private party, and only state actors can be held liable under § 1983. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties). In addition, Plaintiff fails to plead facts that would establish that Defendants St. Charles County, a state actor, and Fox 2 News, a private enterprise, somehow reached "a mutual understanding, or a meeting of the minds" to violate his rights. *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993).

Finally, Plaintiff fails to allege facts necessary to state a municipal liability claim against St. Charles County. A local governing body—like St. Charles County—can be sued directly under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To prevail on this type of claim, a plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v.*

*Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see also Marsh v. Phelps Cnty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Here, Plaintiff makes no allegation of an unconstitutional policy or custom, or a deliberately indifferent failure to train, by Defendant St. Charles County. *See Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

For these reasons, Plaintiff fails to state a cognizable claim under § 1983 against either named Defendant. This case will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 3] is **GRANTED**. Pursuant to 28 U.S.C. § 1915(b)(4), the initial partial filing fee is waived.

**IT IS FURTHER ORDERED** that Plaintiff's claims in this action are **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 14th day of October, 2026.



CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE